UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| IN RE: ) | CASE NO. 09-20796 (ASD) |
| ) | |
| RANDY RICHARD PELKEY and ) | |
| LUZ HERMIDA PELKEY, ) | CHAPTER 13 |
| ) | |
| DEBTORS ) | RE: DOC. I.D. NO. 56 |

<u>APPEARANCES</u>:

Zenas Zelotes, Esq.
Zenas Zelotes LLC
Post Office Box 1052, Norwich, CT 06360      Counsel for Debtors

Patrick Crook, Esq.
10 Columbus Boulevard, 6th Floor
Hartford, CT 06106                            Counsel for Trustee

**RULING ON TRUSTEE'S OBJECTION TO PLAN CONFIRMATION**

ALBERT S. DABROWSKI, Chief United States Bankruptcy Judge

**I.    INTRODUCTION**

Before the Court are the <u>First Amended Chapter 13 Plan</u> (hereafter, the "Plan"), Doc. I.D. No. 37, filed by Randy Richard Pelkey and Luz Hermida Pelkey (hereafter, the "Debtors"); and the <u>Objection to Confirmation</u> (hereafter, the "Objection"), Doc. I.D. No. 56, filed by the Chapter 13 Standing Trustee, Molly T. Whiton (hereafter, the "Trustee").

The parties have filed a Stipulation, Doc. I.D. No. 57, as to all of the relevant facts. The sole question before the Court is whether the above-median Chapter 13 Debtors, who are not required to pay any auto loan or lease payments for their two vehicles, may, in calculating the amount of projected disposable income (hereafter, "PDI") which must be applied to pay unsecured creditors under the Plan, deduct the amounts shown in the IRS

Standards for "vehicle ownership expense."

For the reasons set forth hereinafter, the Court concludes that the Debtors are entitled to the vehicle ownership expense deduction.

## II.   JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant case by virtue of 28 U.S.C. §1334(a); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L).

## III.   ISSUE

The Court may confirm the Plan over the Trustee's Objection only if "the plan provides that all of the debtor's projected disposable income . . . will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. §1325(b)(1). In accordance with changes to the Bankruptcy Code enacted in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Debtors, who have income above the median for their locality, must determine their PDI in accordance with the means testing provisions of §707(b)(2). See 11 U.S.C. §1325(b)(3). Section 707(b)(2) provides, in relevant part:

> The debtor's monthly expenses *shall be* the debtor's applicable monthly expense *amounts specified under* the National Standards and Local *Standards*, *and* the debtor's *actual* monthly expenses *for* the categories specified as *Other Necessary Expenses* issued by the Internal Revenue service for the area in which the debtor resides . . . for the debtor [and] dependents. . . .

11 U.S.C. §707(b)(2)(A)(ii)(I) (emphasis added).

The Debtors own two vehicles - a 2001 Chrysler Voyager and a 2002 Nissan Altima.

2

"Neither vehicle secures a loan or is the subject of a lease and the debtors are not obligated to make a loan or lease payment to retain ownership of either vehicle." (Stip. ¶5.)

In calculating their PDI, the Debtors deducted $978, the amount indicated in the IRS Standards for two vehicles, as their "vehicle ownership expense." The Trustee objects to confirmation of the Plan on grounds that payments to unsecured creditors under the Plan are insufficient; she argues that the Debtors, who are not making any actual auto loan or lease payments, are not entitled to the ownership deduction.

### IV.  DISCUSSION

Courts in the Second Circuit, as elsewhere, are divided as to the vehicle ownership expense issue and the Court of Appeals for the Second Circuit has, to date, not resolved the split. See, e.g. In re Pearl, 394 B.R. 309 (Bankr. N.D.N.Y. 2008) (permitting ownership deduction in Chapter 13); In re Roberts, 2008 WL 542503 (Bankr. D.Conn. 2008) (same); but see In re Rabener, No. 809-75719-REG, 2010 WL 335844 (Bankr. E.D.N.Y. Jan. 21, 2010) (disallowing deduction). Of the Circuit Courts of Appeal that have thus far considered this issue, three have permitted the deduction; and one has denied it. See In re Washburn, 579 F.3d 934 (8th Cir. 2009) (permitting deduction in Chapter 13 case); In re Tate, 571 F.3d 423 (5th Cir. 2009) (permitting deduction under Chapter 7 means test); In re Ross-Tousey, 549 F.3d 1148 (7th Cir. 2008)(same); But see In re Ransom, 577 F.3d 1026 (9th Cir. 2009) (denying deduction in Chapter 13 case).

This Court has previously considered the question of the vehicle ownership deduction in applying the means test of §707(b)(2) to a filing under Chapter 7. See In re Salerno, 408 B.R. 554 (Bankr. D.Conn. 2009). In Salerno, the Court, recognizing the split of authorities, adopted the reasoning and conclusion of In re Roberts, 2008 WL 542503, in which the late Hon. Robert L. Krechevsky had held that a Chapter 13 debtor was entitled

3

to the ownership deduction for a vehicle which she owned free and clear of any loan or lease obligation.

"The Trustee acknowledges that [her] position [is at odds] with case law in this district, specifically In re Salerno . . .and In re Roberts . . . . [but] urges the Court to consider . . . [recent] Appellate activity relating both to the issue of car ownership expense deductions and to the broader issue of how to determine projected disposable income for the purpose of confirming a Chapter 13 Plan." (Tr.'s Brief at 2.)

### A. "Applicable" Amounts

The Trustee cites the Ninth Circuit position in Ransom that an ownership expense deduction is not "*applicable*" to a debtor who is not actually making an auto loan or lease payment. This argument was carefully weighed and rejected in Roberts.

> Under well-settled principles of statutory construction, "[t]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290, 299 (1989) (citations and internal quotation marks omitted). "[W]e begin with the understanding that Congress 'says in a statute what it means and means in a statute what it says there.'" Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942, 1947 (2000) (quoting Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)).
> Section 707(b)(2)(A)(ii)(I) provides that the debtor's expenses for transportation "shall be the debtor's applicable monthly expense amounts specified under the [IRS] standards." The trustees argue that the ownership standards are not "applicable" to a debtor who owns a vehicle for which she makes no loan or lease payments. The court finds the trustees' interpretation at odds with the plain language of the statute.
>
> The most natural reading of § 707(b)(2)(A)(ii)(I) is that "applicable" modifies "the amounts specified" in the "Local Standards"; thus, "it references both the region of the country in which the debtor lives and the selection that must be made between the two columns that appear in the Local Standards, one for the first car and one for the second car." In re Chamberlain, 369 B.R. 519 (Bankr. D.Ariz. 2007) (stating that "[i]t takes a tortured reading to make 'applicable' refer to

4

> anything else.").

> > In re Simms 2008 WL 217174, *15 -16 (Bankr. N.D.W.Va. 2008). Such standards are independent of the amounts, if any, actually being paid under an auto loan or lease.

> > > Nothing contained in Form [22C] or 11 U.S.C. §707(b)(2)(A)(ii)(I) requires that the Debtors must have current automobile ownership expense as a prerequisite to claiming the Local Standards deduction amount specified by the IRS. Requiring an existing vehicle payment as a prerequisite to entitlement to the Local Standards deduction amounts to a rewriting of the statute. . . .

> > In re Wilson , 373 B.R. at 643-644.

> In re Roberts, 2008 WL 542503 at *3. Subsequent decisions of the Fifth, Seventh, and Eighth Circuits also support the Roberts analysis:

> > Under the statute, a debtor's "actual monthly expenses" are only relevant with regard to the IRS's "Other Necessary Expenses;" they are not relevant to deductions taken under the Local Standards, including the transportation ownership deduction. . . . We conclude that the better interpretation of "applicable" is that it references the selection of the debtor's geographic region and number of cars.

In re Ross-Tousey,  549 F.3d at 1158;  see, also  In re Tate, 571 F.3d at 428 (adopting analysis of Ross-Tousey); In re Washburn, 579 F.3d at 937 (same).

## B.   *IRS Practices[1]*

The Trustee also maintains that "if Congress uses the IRS standards in the statute Congress wants the courts to apply the standards in the same way as the IRS" and the IRS "does not allow the deduction of car loan or lease expenses unless there is an actual payment." (Tr.'s Brief at 8.)

This argument was also carefully considered and rejected in Roberts, where the court concluded that, not only was the IRS practice of disallowing auto loan payments in

---

[1] The IRS practices discussed herein are incorporated in the Internal Revenue Manual - Financial Analysis Handbook, often referred to as the "IRM."

5

excess of the IRS Standards unauthorized by the statutory language, but it may conflict with the priority of secured debt so central to the Bankruptcy Code. Roberts, 2008 WL 542503 at *3-4. "In sum, because we believe that reference to IRM methodology is inconsistent with the statutory language, history, and purpose, we do not turn to it in interpreting the means test." In re Ross-Tousey, 549 F.3d at 1160.

C.    *"Forward-Looking" Approach to PDI*

The Trustee cites this Court's recent decision, In re Lukaszewski, 414 B.R. 15 (Bankr. D.Conn. 2009), adopting a "forward-looking" approach to determination of PDI in a Chapter 13 plan, as grounds for calculating the Debtors' PDI on the basis of their *actual* anticipated auto ownership expenses, rather than the amounts set forth in the IRS Standards.  The Court, in Lukaszewski, construed §1325 as giving the Court some discretion to take into consideration, in the determination of PDI, significant changes in the Debtors' circumstances that have already occurred or are reasonably certain to occur, but are not reflected in the Form 22C means test calculation of disposable monthly income as of the petition date.  Such discretion, however, is not unfettered and cannot supplant the plain language of the statute itself.  Where, as in Lukaszewski, a deduction is based upon a debtor's anticipated *actual* expenditures, e.g. payments due each month of the plan commitment period on a secured debt, the Court has the discretion to consider whether or not the debtor will be required to make such payments during a particular month of the plan. In the present proceeding, however, the deduction at issue is the vehicle ownership expense, which the statute states *shall be* the amount set forth in the IRS Standards, which Standards are based only upon the Debtors' geographic region and the number of vehicles they own. The Court, recognizing in Lukaszewski the statutory limitations of its discretion in the determination of PDI,  articulated its interpretation of the forward-looking approach

6

as follows:

> Thus, the plain language of Section 1325(b)(1) requires the Debtors' projected disposable income as of the plan effective date to be the amount, *determined under the criteria set forth in Section 707(b)(2)(A)* applicable to the circumstances which, as of the plan effective date, are reasonably certain to occur over the plan commitment period.
>
> Under this "forward looking" approach the calculations filed by a debtor on Form 22C remain in play as a debtor's circumstances on the plan effective date are often similar to those that existed on the petition date. However, where there is a meaningful change in a debtor's circumstances, the Form 22C calculus merely provides a starting point for determination of projected disposable income, as a debtor's "disposable income" on the petition date will not be the debtors *projected* disposable income on the plan's effective date, with the difference proportional to the degree of change. This interpretation corresponds and is entirely "compatible with the statutory language of Section 1325(b)(1)(B), the new definition of disposable income, and the use of the means test to standardize an above-median Chapter 13 debtor's expenses. . . ." In re Lanning, 545 F.3d at1278.[2]

In re Lukaszewski, 414 B.R. at 21 (emphasis added).

Under the forward-looking approach as adopted in Lukaszewski, the Court's discretion does not extend to substituting the Debtors' actual vehicle expenses for the IRS Standards mandated by §707(b)(2)(A)(ii)(I), but only to considering the effect on the statutory criteria of changes in the Debtors' circumstances that have occurred or are reasonably certain to occur over the plan commitment period. As discussed *supra,* Parts IV.A and B, the only statutory criteria relevant to the Debtors' vehicle ownership expense deduction are their geographic region and the number of vehicles they own. Since the parties' stipulation indicates that neither of these criteria differs from what is shown on the Debtors' Form 22C, the Debtors' entitlement to a vehicle ownership deduction, under the IRS Standards, of $978 for two vehicles remains unaffected by application of the forward-

---

[2] Subsequent to this court's decision in Lukaszewski, the U.S. Supreme Court granted *certiorari*, 130 S.Ct. 487 (2009), in Lanning, 545F.3d 1269 (10th Cir. 2008), to resolve the dispute among the Circuits over the use of the "mechanical" or "forward-looking" approach to PDI; as of this date, Lanning remains pending before the Supreme Court (Argued March 22, 2010).

7

looking approach to determining PDI.

## V.     CONCLUSION

In accordance with the foregoing discussion, the Court concludes that the Debtors, who own two vehicles for which they are making no loan or lease payments, are entitled to deduct $978, the amount shown in the IRS Standards, in calculating the projected disposable income to be applied under their Plan to paying unsecured creditors.  The Trustee's **Objection** to confirmation of the Debtors' Plan is, therefore, **OVERRULED** and the **Plan** is hereby **CONFIRMED**.

Dated: March 25, 2010                                    BY THE COURT

                                                                          Albert S. Dabrowski
                                                                          United States Bankruptcy Judge

8